IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL CHILDREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 1:12cv759-WC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

## I.    INTRODUCTION

Plaintiff, Michael Childree, first applied for supplemental security disability insurance on March 23, 2006.  His application was denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ") on July 25, 2006.  Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled at any time through the date of the decision. Plaintiff then requested that the Appeals Council review the ALJ's decision.  On April 11, 2008, while the appeal was pending, Plaintiff filed a second application.  The second application was denied at the administrative level.  Plaintiff then requested a hearing before an ALJ on the denial of the second application.  On April 22, 2009, the Appeals Council remanded Plaintiff's first application and consolidated the two cases.  The ALJ held a hearing on the consolidated cases on August 16, 2010, and later issued an unfavorable ruling.  The Appeals Council then rejected Plaintiff's request for review of

the ALJ's decision.  The ALJ's decision consequently became the final decision of the

Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d

129, 131 (11th Cir. 1986).  The case is now before the court for review under 42 U.S.C. §

405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all

proceedings and entry of a final judgment by the undersigned United States Magistrate

Judge.  Pl.'s Consent to Jurisdiction (Doc. 13); Def.'s Consent to Jurisdiction (Doc. 12).

Based on the court's review of the record and the briefs of the parties, the court

AFFIRMS the decision of the Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when

the person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to
> result in death or which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?
(3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
(4) Is the person unable to perform his or her former occupation?
(5) Is the person unable to perform any other work within the economy?
An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id*. at 1238-39.  RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence.  *Id*.  It also can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the

_____

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.  Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

The court's review of the Commissioner's decision is a limited one.  This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.   . . .   No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was fifty-four years old at the time of the alleged onset date and had completed the 12th grade.  Tr. 59 & 276.  Plaintiff's past relevant work was as a truck driver, auto sales person, and plumber.  Tr. 23.  Following the administrative hearing, and employing the five-step process, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since February 13, 2006, the alleged onset date."  (Step 1)  Tr. 17.   At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments:  "depression, anxiety, alcohol abuse, status post right rotator cuff repair, generalized osteoarthritis, hypertension, history of gout, obesity and history of rectal bleeding."  Tr. 18.  The ALJ then found that Plaintiff's impairments, "including the substance use disorder, meets sections 12.04 and 12.09" of the Listing of Impairments, but that "[i]f the claimant stopped the substance use, the claimant would not have an impairment or combination of impairments that meets or medically equals any of the impairments." (Step 3) Tr. 18 & 21.  Next, the ALJ found that if Plaintiff stopped the substance abuse, he would have the RFC to perform the full range of medium work.  *Id*. The ALJ then determined that if Plaintiff stopped the substance abuse, he would be able

5

to perform his past relevant work as a truck driver, auto sales person, or plumber. (Step 4)

Tr. 23.  As a result of that finding, the ALJ did not continue to Step 5, and concluded that

Plaintiff "has not been disabled, as defined in the Social Security Act, at any time from

the alleged onset date through the date of [the] decision."  *Id.*

## IV.    PLAINTIFF'S CLAIMS

Plaintiff presents three issues for this court's consideration in review of the ALJ's

decision: (1) "Whether the ALJ erred by failing to evaluate the testimony from the

August 2010 hearing"; (2) "Whether the ALJ erred by failing to provide a non-

adversarial hearing"; (3) "Whether the ALJ's finding of [Plaintiff's RFC] is not based on

substantial evidence"; (4) "Whether the ALJ failed to properly evaluate the materiality of

[Plaintiff's] alcohol abuse"; and (5) "Whether the ALJ erred by failing to evaluate the

opinion of Dr. Liddig, [Plaintiff's] doctor at Kilby Correctional facility."  Pl.'s Br. (Doc.

16) at 1.  The court will address each argument below.

## V.    DISCUSSION

### A.    *Whether the ALJ erred by failing to evaluate the testimony from the August 2010 hearing.*

First, Plaintiff asserts that the ALJ improperly failed to consider Plaintiff's

testimony from the 2010 hearing. Second, Plaintiff argues that had the ALJ considered

the testimony, he would have determined that Plaintiff met the pain standard for

disability.  The court will address these claims in turn.

As stated above, there were two hearings in this matter before the ALJ, one in 2008 and one in 2010.  The hearing in 2010 concerned Plaintiff's consolidated 2006 and 2008 claims, following a 2009 remand of the 2006 claim (the 2008 decision).  Plaintiff provided testimony at the 2010 hearing.  It is this testimony that is the basis for the present claim.  Plaintiff begins his argument by summarizing his testimony at the hearing, then asserts that the ALJ did not discuss or discredit the testimony.  Pl.'s Br. (Doc. 16) at 6.  According to Plaintiff, the testimony alleged to have not been considered by the ALJ is as follows:

> Mr. Childree testified that he has a problem with depression. (R. 40). He went through a "lengthy, expensive divorce, like from 32 years of marriage." (R. 40). His ex-wife then remarried within six months. (R. 40). Mr. Childree received several DUI's after the divorce. (R. 38). As a result, he served time in jail. (R. 36). He testified that he has been sober since February 15, 2009. (R. 36).
>
> Mr. Childree also testified to back trouble. (R. 41). He told the ALJ, "I've got arthritis. And I've got that fracture in my tailbone. I can't sit long, stand long. I had a note for stand profile at Bullock, and also a bottom bunk." (R. 41). Unfortunately, Mr. Childree cannot afford medical treatment. (R. 41).

*Id*. at 5.

The court does not agree with Plaintiff's assertion that the ALI did not consider or specifically discredit Plaintiff's testimony.  As Plaintiff admits, the ALJ stated "that he considered 'all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence.' (R. 21)."  *Id*. at 6.  Further, the ALJ specifically stated that "the claimant's statement concerning the intensity,

7

persistence and limited effects of these symptoms are not credible to the extent they are

inconsistent with the residual functional capacity assessment for the reasons explained

below" and "the claimant's statement concerning the intensity, persistence and limiting

effects of these symptoms are not credible to the extent they are inconsistent with the

claimants allegations of physician [sic] impairment and pain."  Tr. 21.

Although the ALJ did not specifically reference the testimony quoted above in his

decision, the ALJ did find that Plaintiff suffered the severe impairment of depression (Tr.

18), and discussed Plaintiff's complaints of back pain (Tr. 20-22), relationship problems

(Tr. 18), and DUI's (Tr. 19-20).  As to Plaintiff's claim to sobriety, the ALJ addressed

this at the hearing, noting that Plaintiff's claim of sobriety almost entirely encompassed

his period of incarceration and that because Plaintiff would have been ineligible for

benefits during this period, the ALJ declined to consider that time a period of sobriety.

Tr. 36.

Plaintiff's arguments regarding whether the ALJ properly applied the pain

standard also fail.  The Court of Appeals for the Eleventh Circuit has articulated its "pain

standard," governing the evaluation of a claimant's subjective testimony about pain, as

follows:

> In order to establish a disability based on testimony of pain and other
> symptoms, the claimant must satisfy two parts of a three-part test showing:
> (1) evidence of an underlying medical condition; and (2) either (a) objective
> medical evidence confirming the severity of the alleged pain; or (b) that the
> objectively determined medical condition can reasonably be expected to
> give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).   Plaintiff argues that he met both prongs of the pain standard.  This argument is mooted by the fact that the ALJ found that Plaintiff met the pain standard.  The ALJ specifically stated that "[i]f the claimant stopped the substance use, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms" and "[a]fter considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms."  Tr. 21.

However, this is not the end of the determination.  Once an ALJ determines that a claimant meets the pain standard, the ALJ must move on to evaluate the credibility of the subjective statements concerning the limiting effects of the pain.  Here, as noted above, the ALJ found Plaintiff's subjective complaints of the limiting effects of pain to be incredible.  In making this determination, the ALJ relied on the medical records of doctors Crawford and Choquette.  Tr. 22.  Plaintiff fails to challenge the ALJ's determination regarding the credibility of the limiting effects of the pain.  Considering the medical opinion of evidence, including that of the doctors, the court finds that the ALJ's determination of this issue is bolstered by substantial evidence and will not disturb it.

### B.      *Whether the ALJ erred by failing to provide a non-adversarial hearing.*

Here, Plaintiff argues that the ALJ improperly failed to provide a non-adversarial hearing.  The basis of this argument is a statement made by the ALJ prior to Plaintiff's

testimony, where the ALJ stated "There is nothing in [the record] to tell me that [Plaintiff] is restricted when he is abstinent from alcohol in any way and cannot resume his past relevant work. I'll put him under oath and you can ask him all the questions you want. Tr. 39. Nothing in that statement indicates that the ALJ failed to provide a non-adversarial hearing. The ALJ simply informed counsel that the evidence of record did not indicate disability and that he could put on testimony in support of his claim. Indeed, during the hearing, the ALJ specifically pointed to portions of the record which indicated that Plaintiff was not restricted absent alcohol and asked for evidence in support of the claim. *See, e.g.*, Tr. 38.

Plaintiff also alleges error when the ALJ "refused the claimant's request for a subpoena to get records from Kilby Correctional Facility." Pl.'s Br. (Doc. 16) at 10. This is a significant misstatement of the record. During the hearing, counsel for Plaintiff stated that he would have needed a subpoena to get Plaintiff's prison records for the hearing. Tr. 42. That is the end of the discussion regarding a subpoena. There is nothing in the record to suggest that counsel ever sought a subpoena prior to, during, or after the hearing. Thus, there was neither a refusal, nor a request for a subpoena. The court finds the entirety of this argument to be without merit.

### C. *Whether the ALJ's finding of Plaintiff's RFC is based on substantial evidence.*

Plaintiff begins this section by arguing that the ALJ erred where the opinion fails to reference or discredit Dr. Simpson's 2006 Mental RFC Assessment and Dr. Duke's

2008 psychiatric review technique form. Pl.'s Br. (Doc. 16) at 12. The problem with this argument is that there is nothing in these opinions to reject or discredit.   Plaintiff argues that the ALJ does not find any mental limitations in the RFC and points to Dr. Duke's opinion that Plaintiff "would have moderate difficulties in social functioning and moderate difficulties maintaining concentration, persistence or pace. (R. 571). Dr. Duke also opinion [sic] that Mr. Childree would be moderately limited in his ability to interact appropriately with the general public, and moderately limited in his ability to respond appropriately to changes in the work setting. (R. 584)." *Id*.

Plaintiff's statement regarding the ALJ's mental limitations findings and the RFC is only partially correct. The ALJ found that absent Plaintiff's alcohol abuse, Plaintiff would only suffer minor mental limitations. The ALJ did find that considering the abuse, Plaintiff suffered marked restrictions in activities of daily living, marked difficulties in social functioning, and marked difficulties with regard to concentration, persistence, and pace. In other words, the ALJ found that Plaintiff was *more* restricted than even Dr. Duke opined. Thus, the ALJ did not reject Dr. Duke's opinion. As for substantial evidence, the ALJ specifically discussed the opinions of doctors Jacobs, West, Jones (which the ALJ rejected) and Pichler, as well as treatment records from the Southeast Alabama Medical Center. The opinion evidence relied upon by the ALJ is consistent with the opinions of doctors Simpson and Duke, and because the ALJ did not reject their opinion, the court finds no error in the ALJ's failure to specifically reference the opinion

and Plaintiff is unable to show any harm by their omission, since they were cumulative of other evidence of record.

Next Plaintiff points the court to the ALJ's failure to discuss and discredit a "consultant's" opinion regarding Plaintiff's ability to occasionally lift and or carry up to twenty pounds. *Id*. However, as the Commissioner points out, that opinion comes from a Single Decision Maker ("SDM"). Not only is the ALJ precluded from relying on the opinion of an SDM, doing so may result in reversible error. *See, e.g.*, *Siverio v. Comm'r of Soc. Sec.*, 461 F. App'x 869, 872 (11th Cir. 2012).

Plaintiff then points to the opinion of Dr. Crawford, whose opinion the ALJ assigned considerable weight, and argues that Dr. Crawford's opinion that Plaintiff could carry "light loads" is inconsistent with the RFC finding that Plaintiff could perform the full range of medium work. Pl.'s Br. (Doc. 16) at 12. Plaintiff does not explain how the opinion is inconsistent with the RFC. Dr. Crawford simply opines that Plaintiff can "lift and carry light loads." Tr. 428. There is no specification of what Dr. Crawford means by "light loads" and no indication that it is inconsistent with the meaning of a "full range of medium work." This is especially true where Dr. Crawford opined that Plaintiff's shoulder had a "fairly good" range of motion and that Plaintiff had "5/5 general motor strength." Tr. 22. Thus, the court finds no inconsistencies or error.

Finally, Plaintiff argues that the RFC was inconsistent with the opinion of Dr. Jones. Pl.'s Br. (Doc. 16) at 12. Plaintiff is correct. The reason the RFC was

12

inconsistent with Dr. Jones's opinion was because the ALJ specifically rejected the opinion, stating that it was not supported by treatment records or objective findings in the record.  Tr. 23.  The ALJ also noted that Dr. Jones's records indicate that Plaintiff had been non-complaint as to "filling his medications after seeing his orthopedic specialist" and thus Dr. Jones would have been unable to determine the degree of Plaintiff's pain had he followed his treatment regimen.  *Id.*  Plaintiff does not challenge the rejection of Dr. Jones's opinion.  Because the ALJ articulated good cause for the rejection of the opinion, and that cause is supported by substantial evidence, the court finds no error.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).

> **D.     *Whether the ALJ failed to properly evaluate the materiality of Plaintiff's alcohol abuse.***

In this section, Plaintiff appears to argue that the ALJ's determination regarding Plaintiff's alcohol abuse was error.  The ALJ determined that absent Plaintiff's alcohol abuse, he was not disabled.  Plaintiff asserts that his alcohol abuse would have had no effect on his physical limitations, thus the consideration of alcohol abuse as the disabling factor was error.  The Commission has very little response to this argument, stating "[t]he Commissioner does not understand Plaintiff's point."  Def.'s Br. (Doc. 17) at 13.  The Commissioner's confusion seems to stem from Plaintiff's misunderstanding regarding the ALJ's decision.  The ALJ considered the alcohol abuse and its effects on Plaintiff's non-exertional, mental limitations.  The ALJ found that the abuse rendered Plaintiff disabled under the listings, but that absent the abuse Plaintiff only had mild limitations.  *See* Tr.

18-20.  The ALJ did not find that Plaintiff's alcohol abuse had any effect regarding his physical limitations.  Thus, because the ALJ's consideration of the alcohol abuse was in relation to Plaintiff's mental and not physical impairments, Plaintiff's arguments here are irrelevant.

> **E.      *Whether the ALJ erred by failing to evaluate the opinion of Dr. Liddig, Plaintiff's doctor at Kilby Correctional facility.***

Finally, Plaintiff asserts reversible error where the ALJ failed to mention or discredit the opinion of Dr. Liddig, who saw Plaintiff while in prison, and who limited Plaintiff to "No prolonged standing – 20 minutes." Pl.'s Br. (Doc. 16) at 15.  However, as the Commissioner points out, Dr. Liddig specifically set that limitation for a limited period (180 days).  Tr. 639.  There is no indication in the record that the limitation was renewed.  Therefore, the limitation only encompasses a six month period and was not relevant to the ALJ's determination.  *See* 20 CFR 404.1509 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement."); *Leonard v. Comm'r of Soc. Sec.*, 409 F. App'x 298, 300 (11th Cir. 2011) (At the second step, "the claimant must prove that she has a 'severe medically determinable physical or mental impairment' that 'ha[s] lasted or [is] expected to last for a continuous period of at least 12 months.'") (citing 20 C.F.R. §§ 404.1520(a)(4)(ii) & 404.1509).  Accordingly, the court finds no error.

14

## VI.    CONCLUSION

The court has carefully and independently reviewed the record and concludes that,

for the reasons given above, the decision of the Commissioner is AFFIRMED.   A

separate judgment will issue.

Done this 16th day of January, 2014.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE